# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60377
Summary Calendar

————————

Fasken Land and Minerals, Limited; Permian Basin Land and Royalty Owners,

*Petitioners*,

*versus*

Nuclear Regulatory Commission; United States of America,

*Respondents*.

_____

Appeal from the Nuclear Regulatory Commission
Agency No. 72-1051

_____

Before Jones, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In September 2021 the Nuclear Regulatory Commission (NRC) issued a license to Interim Storage Partners, LLC, to establish a facility to store nuclear waste temporarily in Andrews County, Texas. *See Texas v. Nuclear Regul. Comm'n*, 78 F.4th 827, 833–35 (5th Cir. 2023) [hereinafter *Texas v. NRC*], *reh'g en banc denied*, 2024 WL 1108700 (5th Cir. Mar. 14,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2024). Texas, Fasken Land and Minerals, Ltd., (Fasken), and Permian Basin Land and Royalty Owners (PBLRO) petitioned this court to set aside that license. *Id.* at 834–35. In that appeal, a panel of this court first held that Fasken and PBLRO had standing under the Constitution and the Hobbs Act to challenge the NRC's actions. *Id.* at 835–40. It then held that the NRC lacked statutory authority to issue the license. *Id.* at 840–44. Accordingly, this court granted the petitions for review and vacated the license. *Id.* at 844. The NRC filed a petition for rehearing *en banc* on October 24, 2023, which this court denied on March 14, 2024. *See Texas v. Nuclear Regul. Comm'n*, No. 21-60743, --- F.4th ----, 2024 WL 1108700 (5th Cir. Mar. 14, 2024).

Shortly before the panel issued its opinion in *Texas v. NRC*, Fasken and PBLRO filed the petition for review at issue in this case. They challenge a different license issued by the NRC in May 2023 to Holtec International to establish a facility to store nuclear waste in Lea County, New Mexico. The parties, correctly, agree that *Texas v. NRC* involved a "materially identical license in a materially identical procedural posture" and that "absent the [c]ourt granting rehearing en banc in *Texas* [*v. NRC*] . . . , the panel's consideration of this case will be controlled by [*Texas v. NRC*]." Because this court's holding in *Texas v. NRC* dictates the outcome here, we GRANT Fasken's and PBLRO's petition for review and VACATE the Holtec license. The NRC's motion to transfer the petition for review to the United States Court of Appeals for the District of Columbia Circuit is DENIED AS MOOT.